# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHARLOTTE RUSSE, INC., a California Corporation; KYO, INC., a California Corporation; VALUE CITY DEPARTMENT STORES, INC., a Delaware Corporation; ROSS STORES, INC., a Delaware Corporation, COCOMO APPAREL, INC., a California Corporation; SOPHIA, Business Entity Form Unknown; FASHION EXIT, INC., a California; and DOES 1 THROUGH 10,<br><br>Defendants. | Case No. CV09-3814 ODW (AJWx)<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER** |

/ / /

/ / /

/ / /

/ / /

/ / /

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under this Order to treatment as confidential.

2. **DEFINITIONS**

2.1 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter by a party or non-party.

2.3 <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 House Counsel: attorneys who are employees of a Party.

2.10 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party's counsel, whether or not such person is paid directly by a Party or its counsel, to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes professional graphics, jury, or trial consultants retained in connection with this litigation. This definition also includes Experts' employees, subcontractors and assistants.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

testimony, conversations, or presentations by parties, non-parties or counsel to or in court or in other settings that might reveal Protected Material.

### 4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### 5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

1  identified the documents it wants copied and produced, the Producing Party must
2  determine which documents qualify for protection under this Order, then, before
3  producing the specified documents, the Producing Party must affix the appropriate
4  "CONFIDENTIAL" legend on each page that contains Protected Material.  In the
5  case of written discovery responses and the information contained therein, the
6  responses may be designated as containing "CONFIDENTIAL" information by
7  means of a statement at the conclusion of each response that contains such
8  information specifying the level of designation of the Confidential Information and
9  by placing a legend of the front page of such discovery responses stating:
10  "CONTAINS CONFIDENTIAL INFORMATION".
11     (b) <u>for testimony given in deposition</u>, that the Party or non-
12  party offering or sponsoring the testimony identify all protected testimony, and
13  further specify any portions of the testimony that qualify as "CONFIDENTIAL."
14  A Party or non-party that sponsors, offers, or gives the testimony shall have the
15  right to have up to 30 days to identify the specific portions of the testimony as to
16  which protection is sought and to specify that "CONFIDENTIAL" protection is
17  being asserted.  Only those portions of the testimony that are appropriately
18  designated for protection within the 30 days shall be covered by the provisions of
19  this Stipulated Protective Order.
20   Transcript pages containing Protected Material must be separately
21  bound by the court reporter, who must affix to the top of each such page the legend
22  "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring
23  the witness or presenting the testimony.
24     (c) <u>for information produced in some form other than
25  documentary, and for any other tangible items</u>, that the Producing Party affix in a
26  prominent place on the exterior of the container or containers in which the
27  information or item is stored the legend "CONFIDENTIAL."  If only portions of
28

the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 **Inadvertent Failures to Designate**. An inadvertent failure to designate qualified information or items as "Confidential" does not waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If, prior to receiving such notice, the receiving party has disseminated the Protected Material to individuals not authorized to receive it hereunder, the receiving party shall make a reasonable effort to retrieve the Protected Material or to otherwise assure that the recipient(s) properly mark the Protected Material and maintain the confidentiality of the Protected Material, but shall have no other responsibility or obligation with respect to the information disseminated.

## 6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 **Timing of Challenges**. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 **Meet and Confer**. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rules 7 and 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

1  Protected Material must be stored and maintained by a Receiving Party at a
2  location and in a secure manner that ensures that access is limited to the persons
3  authorized under this Order.
4        7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless
5  otherwise ordered by the court or permitted in writing by the Designating Party, a
6  Receiving Party may disclose any information or item designated
7  CONFIDENTIAL only to:
8        (a)     the Receiving Party's Outside Counsel of record in this
9  action, as well as employees and agents of said Counsel to whom it is reasonably
10  necessary to disclose the information for this litigation;
11        (b)     the officers, directors, and employees (including House
12  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this
13  litigation and who have signed the "Agreement to Be Bound by Protective Order"
14  (Exhibit A);
15        (c)     Experts (as defined in this Order) of the Receiving Party
16  to whom disclosure is reasonably necessary for this litigation and who have signed
17  the "Agreement to Be Bound by Protective Order" (Exhibit A);
18        (d)     the Court and its personnel;
19        (e)     court reporters, their staffs, and professional vendors to
20  whom disclosure is reasonably necessary for this litigation;
21        (f)     during their depositions, witnesses in the action to whom
22  disclosure is reasonably necessary and who have signed the "Agreement to Be
23  Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony
24  or exhibits to depositions that reveal Protected Material must be separately bound
25  by the court reporter and may not be disclosed to anyone except as permitted under
26  this Stipulated Protective Order;
27        (g)     the author of the document or the original source of the
28  information;

    (h) mock jurors and focus group participants, provided they are not permitted to retain any materials shown or provided to them, and provided that they agree in writing to keep such information confidential, though they will not be required to sign Exhibit A; and

    (i) Professional Vendors.

## 8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

   If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by e-mail) immediately, and in no event more than three days, after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

   The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

   The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with applicable Civil and Local Rules.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that indicates that all the Protected Material was returned or destroyed and that affirms that the Receiving

Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, e-mail, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

   12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. No Party waives any right to seek a level of protection, confidentiality, or treatment different than that described in this Protective Order for information produced in this action. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.   Outside counsel desiring to disclose Protected Material to persons as otherwise permitted in this Protective Order, shall first obtain a signed undertaking, in the form of Exhibit A attached hereto, and such counsel shall retain in his/her files the original of each such signed undertaking. Nothing in this Protective Order shall be construed to require a party to disclose the existence or identity of any consultants, trial-related service providers, mock juries, focus groups, or any attorney work product.

14.   The restrictions on the use of Protected Material established by this Protective Order are applicable only to the use of information received by a party from another party or from a non-party. A party is free to use its own information

1  as it pleases.  Further, this Order shall not limit or restrict a Receiving Party's use of
2  information that the Receiving Party can show: (i) was lawfully in the receiving
3  party's possession prior to such information being designated as Protected Material
4  in this litigation and that the Receiving Party is not otherwise obligated to treat as
5  confidential; (ii) was obtained without any benefit or use of Protected Material from
6  a third party having the right to disclose such information to the Receiving Party
7  without restriction or obligation of confidentiality; (iii) was independently
8  developed by it after the time of disclosure by personnel who did not have access to
9  the Producing Party's Protected Material; or (iv) has been published to the general
10 public.

11         15.    Inadvertent production or disclosure of documents or information
12 subject to the attorney-client privilege, work product immunity or any other
13 applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim
14 that such or related material is privileged or protected by the work product
15 immunity or any other applicable privilege.  A Producing Party may notify the
16 receiving party in writing that produced documents or information are subject to
17 attorney-client privilege, work product immunity or any other applicable privilege.
18 All such documents or information, including all copies thereof, shall be returned to
19 the Producing Party within five (5) business days.  No use shall be made of such
20 documents or information during deposition or at trial, nor shall such documents or
21 information be shown to anyone who has not already been given access to them
22 subsequent to the request that they be returned.  The Producing Party shall provide
23 a privilege log identifying such documents or information.  The Receiving Party
24 may move the Court for an Order compelling production of any such documents or
25 information.  The motion shall be filed under seal and shall not assert as a ground
26 for production the fact of the inadvertent production, nor shall the motion disclose
27 or otherwise use the content of the inadvertently produced document or information
28 (beyond any information appearing on the above-referenced privilege log) in any

way in connection with any such motion.  All of the protections against waiver of privileged or attorney work product information provided in Federal Rule of Evidence 502(a) through (g) are incorporated into this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  March 10, 2010            DONIGER / BURROUGHS APC

By: /s/ *Stephen M. Doniger*
    STEPHEN M. DONIGER
    SCOTT A. BURROUGHS
    Attorneys for Plaintiff L.A. Printex
    Industries, a California corporation

Dated:  March 10, 2010            ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ *Brian C. Vanderhoof*
    JAMES C. POTEPAN
    THOMAS M. O'LEARY
    BRIAN C. VANDERHOOF
    Attorneys for Defendant Fashion Exit,
    Inc. a California corporation

Dated:  March 10, 2010

By: /s/ *S. Calvin Myung*
    S. CALVIN MYUNG
    Attorney for Defendant OT27 Clothing,
    Inc. a California corporation and ROSS
    DEPARTMENT STORES, INC. a
    Delaware corporation

RC1/5525192.1/JC7                - 13 -                CV09-3814 ODW (AJWx)

**PROPOSED ORDER RE STIPULATED PROTECTIVE ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED:

DATED:3/17/2010  _____
Hon. Judge Andrew J. Wistrich
United States Magistrate Judge

Submitted By:

ROPERS, MAJESKI, KOHN & BENTLEY PC

By */s/ Brian C. Vanderhoof*
   JAMES C. POTEPAN
   THOMAS M. O'LEARY
   BRIAN C. VANDERHOOF
   Ropers, Majeski, Kohn & Bentley PC
   515 South Flower Street, Suite 1100
   Los Angeles, California 90071
   Phone: (213) 312-2000 / Fax: (213) 312-2001

Attorneys for Defendants FASHION EXIT, INC., a California corporation

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

    I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *L.A. Printex Industries, Inc. v. Fashion Exit, Inc., et al.* USDC Case No. CV09-3814 ODW (AJWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                      [printed name]

Signature: _____
                [signature]